UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-                                                                           S1 12 CR 322  (RJS)

ADONY NINA,

                           Defendant.

------------------------------------------------------------X

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
ADONY NINA'S SUPPLEMENTAL PRETRIAL MOTIONS**

Defendant Adony Nina replies to select arguments raised in the government's October 29, 2012 Opposition to his pretrial motions ("Govt. Memo"). In all other respects, the motions are fully briefed and the defendant rests on his opening memorandum ("Def. Memo").

    A.      <u>A Wade Hearing Should Be Held Before Trial</u>

According to the government, Martin DeLeon Cabrera, the superintendent of 818 and 822 Beck Street, Bronx, New York, will testify that he was interviewed by two police officers following the January 1, 2012 shooting at issue in this case – which he did not witness – and days later, was visited by two Hispanic males who asked Cabrera about his conversation with police. Govt. Memo at p. 4. Later, on May 29, 2012, Cabrera was interviewed by federal agents and informed them that he was visited by these two men, whom he recognized from "hanging out in front of 818 Beck Street." <u>Id</u>. Cabrera was then shown a *single* photograph of Mr. Nina, whom he identified as the "taller of the two individuals that had visited him," though Cabrera did not know his name. <u>Id.</u>

As the government has failed to advance any exigent circumstances that would have permitted the use of this "impermissibly suggestive" single-photograph identification procedure (United States v. Lumpkin, 192 F.3d 280, 288 (2d Cir. 1999); United States v. Concepcion, 983 F.2d 369, 377 (2d Cir. 1992)), a pretrial hearing should be held to determine if Cabrera's identification is nevertheless independently reliable.  United States v. Wade, 388 U.S. 218, 227 (1967); United States v. Maldonado-Rivera, 922 F.2d 934, 973 (2d Cir. 1990).

**First**, the government confusingly suggests that the due process concerns that "animate" Wade and its progeny may not apply because "this is not a case in which the witnesses identified the defendant as the *perpetrator* of the crime."  Govt. Memo at p. 8 (emphasis in original). Despite this assertion, it is clear that the government will use Mr. Nina's alleged identification in an inculpatory manner – it is simply that the identification relates to a collateral event occurring after the crime and which the government will likely argue ties him thereto.  Regardless, Wade and its progeny are not restricted only to those identifications which occur while a crime is in progress – they require testing of *any* pretrial witness identification procedure used by the government.  See Kirby v. Illinois, 406 U.S. 682, 690-91 (1972) ("it is *always* necessary to 'scrutinize *any* pretrial confrontation'" to determine whether there has been an abuse of identification procedures) (emphasis supplied) quoting Wade, 388 U.S. at 227.

**Second**, the government claims that Wade and its progeny are "not implicat[ed]" (Govt. Memo at p. 8) because Cabrera will testify that Mr. Nina was "no stranger" (id. at p. 9) after viewing him "hanging around 818 Beck Street for some time." Id. at p. 4.  A witness's passing familiarity with the defendant, however, does not completely absolve the government of its use of an "impermissibly suggestive" (United States ex. rel. Gonzalez v. Zelker, 477 F.2d 797, 801

2

(2d Cir. 1973)) single-photograph identification procedure. Instead, it is a factor viewed in the context of determining if an independent basis existed for the identification as part of the "one-step or two-step inquiry" into its admissibility. Maldonado-Rivera, 922 F.2d at 973 (courts should first determine if the identification procedure was unnecessarily suggestive; if so, they should determine if it is nevertheless admissible as independently reliable); see, e.g., Wiggins v. Greiner, 132 F. App'x 861, 865 (2d Cir. 2005) (summary order) (eyewitness's opportunity to view the defendant two to three times per week over a seven month period helped establish the independent reliability of the identification); United States v. Maher, No. 94 Cr. 606, 1995 WL 258194, at *4 (S.D.N.Y. May 2, 1995) ("The Government's assertion ... that the witnesses had interacted with [the defendant] on a number of occasions before they identified him does not provide a sufficient evidentiary basis to permit a determination that there was an independently reliable basis for the identifications").

Further, the extent of Cabrera's familiarity with Mr. Nina is not entirely clear based on the government's thin proffer that Cabrera had "countless occasions over the course of a period of many months" to observe the defendant (Govt. Memo at p. 9) and that the two met for "several moments" (id. at p. 11) on an unspecified date. These statements are missing the concrete facts needed by courts to find that an identification is reliable despite a potentially suggestive identification procedure[1] – and made further troubling given that Cabrera did not

---

[1] See, e.g., Greiner, 132 F. App'x at 865 (eyewitness observed the defendant *two to three times per week over seven months*); United States v. Damsky, 740 F.2d 134, 140 (2d Cir. 1984) (witness testified that he saw defendant *10 to15 times over eighteen months*); Martinez v. Artuz, No. 99 Cv. 5744, 2001 WL 540737, at *9 (S.D.N.Y. May 21, 2001) (witness regularly spoke with the defendant over a period of *three years*); United States v. Shakur, Nos. 82 Cr. 312, 84 Cr. 220, 1987 WL 5368, at *1 (S.D.N.Y. January 9, 1987) (eyewitness had "*extensive* personal contacts" with the defendant) (emphasis supplied).

know the defendant's name and described Mr. Nina merely as the taller of two Hispanic males. Govt. Memo at pp. 11-12.

**Third**, the government claims that even if the single-photograph procedure was unnecessarily suggestive, that a hearing is not required because the identification was independently reliable based on the factors established in Neil v. Biggers, 409 U.S. 188, 199-200 (1972). Govt. Memo at p. 10, 13. This too is unavailing. While there is no *per se* rule requiring courts to hold pretrial Wade hearings (Watkins v. Sowders, 449 U.S. 341, 349 (1981)), it is the "favored" practice once the suggestiveness of an identification procedure has been challenged. United States v. Santiago, 174 F. Supp.2d 16, 31 (S.D.N.Y. 2001). Additionally, the government has offered no evidence – by way of witness statements or otherwise – to back up their proffer that the identification is independently reliable. See, e.g., Maher, 1995 WL 258194, at *4 (government's assertions based only on hearsay were insufficient to demonstrate that the identification was conclusively not suggestive); cf. United States v. Kassir, No. 04 Cr. 356, 2008 WL 2653952, at *2 (S.D.N.Y. July 3, 2008) (Government provided copies of FBI 302 investigation reports to sustain claim of independent reliability).

**Fourth**, the government requests that should a hearing be held, that it be done by a "brief voir dire" conducted by the Court during the trial to "assess the extent of the witness's knowledge of the defendant and to determine whether the witness may identify the defendant in court." Govt. Memo at p. 13. The government, however, has offered no reason why this case presents any special need for a curtailed Wade hearing, besides the "prejudice the government would suffer from having to preview Mr. Cabrera's testimony," which is common to nearly *every* case in which a pretrial identification is challenged. Govt. Memo at p. 14.

4

Moreover, the cases cited by the government for this proposition are easily differentiated. For example, in Shakur – the case on which the government primarily relies – Judge Duffy found that the identification procedure was *not* unnecessarily suggestive (as opposed to the single-photograph procedure utilized here) and therefore, that a hearing was unnecessary – though he granted the defendant *additional protections* by agreeing to "permit a voir dire [of the witness] outside the hearing of the jury." 560 F. Supp. at 355 * fn.3. Likewise, in Concepcion, 983 F.2d at 379, and Maher, 1995 WL 258194, at *4, the suggestiveness of the identification was not proven by defendant before trial. In United States v. Tortora, 30 F.3d 334, 336 (2d Cir. 1994), also cited by the government, it appears that the defendant did not contest the identification until the trial was already underway, which accounts for the delayed occurrence of the hearing. Finally, in Ortega v. United States, 897 F. Supp. 771, 780 (S.D.N.Y. 1995), the court indicated that it would hold a hearing "if identification became an issue at trial." Here, however, the government has already indicated that it intends to illicit identification testimony from Cabrera – it is therefore already "an issue for trial." Id.

Accordingly, on the weight of the above-cited authority, a Wade hearing should be held in advance of Mr. Nina's trial.

    **B.**    **The Defendant's Outstanding Discovery Requests**

The government has indicated that the defendant's remaining motions for discovery pursuant to Fed. R. Crim. P. 16(a)(1) should be denied as moot because the government is not aware of any documents responsive to the defendant's request for additional reports of scientific or fingerprint testing and that it will turn over the requested color photograph of Eduardo Rodriguez. Govt. Memo at pp. 14-15. Since the filing of the defendant's supplemental pretrial

5

motions, however, counsel has requested additional discovery from the government pursuant to Fed. R. Crim. P. 16(a)(1)(E) which has yet to be turned over.  See October 25, 2012 Discovery Letter of Jeffrey Lichtman, attached as Exhibit A.  Specifically, counsel has requested copies of: a) any photograph or document that the government intends to introduce at trial in its case-in-chief; and b) any and all crime scene photographs that were taken on the night of the shooting and which depict Mr. Nina's alleged location when the shots were fired and the lighting conditions in the immediate area.  Id.

     First, it is axiomatic that any photograph or document that the government intends to introduce at trial in its case-in-chief must be turned over to the defendant pursuant to Fed. R. Crim. P. 16(a)(1)(E)(ii).  See United States v. Feola, 651 F.Supp. 1068, 1148 (S.D.N.Y. 1987).  At presently, however, counsel has received only the booking photographs that followed the arrest of the defendant and Eduardo Rodriguez.  Second, the requested crime scene photographs must be turned over as "material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E)(i).  Simply put, because the government has not revealed the defendant's alleged location when the shots were fired, counsel is unable to fully investigate or challenge the strength of the government's eyewitness identification of the shooting without them.  United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993) ("Evidence ... is material if it could be used to counter the government's case or to bolster a defense"); United States v. Giffen, 379 F. Supp.2d 337, 342 (S.D.N.Y. 2004) (same).  Accordingly, the government should be compelled to turn over the requested discovery forthwith.

## **CONCLUSION**

For the reasons stated herein, defendant Adony Nina's supplemental pretrial motions should be granted in their entirety.

Dated:     New York, New York
           November 1, 2012

                                        Respectfully submitted,


                                        _____/S/_____
                                        **JEFFREY LICHTMAN, ESQ. (JL6328)**
                                        **LAW OFFICES OF JEFFREY LICHTMAN**
                                        750 Lexington Ave., Fl. 15
                                        New York, New York 10022
                                        Ph: (212) 581-1001
                                        Fax: (212) 581-4999
                                        jhl@jeffreylichtman.com

                                        Attorney for Adony Nina